MARSHALL v. HESELSCHWERDT.

1. FORCIBLE ENTRY AND DETAINER—REVOCATION OF LICENSE—EVI-
DENCE.
  Under evidence presented in summary proceedings, defendant,
  whose solé business upon plaintiffs' land was to remove gravel
  therefrom, was a licensee, not a tenant, and where license was
  revoked before proceedings were commenced, plaintiff was en-
  titled to restitution.

2. LICENSES—REVOCATION.
  An oral license to remove gravel from licensor's premises is
  revocable at will of licensor (3 Comp. Laws 1929, § 13413).

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE.
  Question as to whether or not summary proceedings was proper
  remedy of licensor from whose land defendant licensee had
  removed gravel after revocation of license is not considered
  by Supreme Court where it was not raised either before the
  justice of the peace or circuit court (3 Comp. Laws 1929,
  § 14975).

Appeal from Washtenaw; Sample (George W.),
J. Submitted January 7, 1943. (Docket No. 46,
Calendar No. 42,230.) Decided April 6, 1943.

Summary proceedings before a justice of the
peace by Benjamin Marshall and Julia, his wife,
against Melvin Heselschwerdt to obtain possession
of a gravel pit. From judgment for plaintiffs, de-
fendant appealed to circuit court. Judgment af-
firmed. Defendant appeals. Affirmed.

*Jacob F. Fahrner* and *Leo L. Watkins,* for plain-
tiffs.

*James C. Hendley* and *William M. Laird,* for defendant.

BOYLES, C. J.    Summary proceedings by plaintiffs to obtain possession of a gravel pit.    Plaintiffs are the owners of a farm in Washtenaw county on which the gravel pit is located.    Defendant is a general contractor, selling sand and gravel.    In 1934 an oral agreement was entered into between plaintiffs and defendant for taking gravel out of the pit, which is described by the parties in their testimony as follows:

(By Mr. Marshall, plaintiff): "I had an agreement with the defendant about taking gravel from my farm; I think the agreement was made in 1934. * * * He wanted to know if he could get some gravel out of that pit of mine there.    There was an old one there years ago.    They took gravel out of there.    I said, 'If you give me 20 cents a yard I'll let you take out some.'    And he thought that was too much so we dickered around and we made an agreement that if he gave me 10 cents a yard for all that he drawed out, that is, surface dirt and all, I would let him take out some gravel." * * *

(By Mr. Heselschwerdt, defendant): "My name is Melvin D. Heselschwerdt.    I live in the village of Manchester.    I made an oral agreement with Mr. Marshall to take gravel out at 10 cents a yard. That's the only agreement we ever made.    However, there were more details to it, other than 10 cents a yard.    I had no business whatever on his ground except to take out gravel.    Mr. Marshall told me he didn't want me to take any more out."

No time for performance or termination was set. Plaintiffs continued in possession of the field where the gravel pit was located, and raised crops on the land.    Defendant removed gravel for several years and paid for it.    Eventually plaintiffs became dis-

satisfied with defendant's manner of removing gravel and the place from which defendant was taking gravel, and on several occasions notified defendant not to remove any more gravel. Defendant maintained a gate at the entrance to the pit, and kept it chained and locked. On one occasion plaintiffs locked and chained up the gate, but defendant cut the chain and continued to take gravel. Finally plaintiffs served on defendant a written notice in the usual form of a demand for possession and "to terminate tenancy," which further stated:

"And you are hereby further notified to refrain from taking any further gravel from the said pit and farm under penalty for trespass and liability for all damages arising from the taking of said gravel and for all acts in connection therewith."

Defendant argues that by reason of the form of this notice, and similar language in the complaint, the defendant was a tenant—that his status is that of a tenant, not a licensee. Defendant's own testimony refutes the claim. On cross-examination he admitted that he "just leased gravel" and whatever he took out, at 10 cents a yard, "all I ever did on Mr. Marshall's property was to remove gravel." However, defendant claimed the right of possession, and insisted on the right to leave his equipment on the premises. After defendant refused to remove his equipment from plaintiffs' premises and insisted on continuing to remove gravel, plaintiffs started summary proceedings for possession of the pit. The justice of the peace before whom the proceedings were started entered judgment of restitution. Defendant appealed, and after trial before Honorable George W. Sample of the Washtenaw circuit an order was entered that possession of the premises be restored to plaintiffs and that a writ of restitution

be issued. The findings of Judge Sample are brief, and fully supported by the record:

"The court is satisfied that the agreement between the parties was a mere oral license to remove gravel by defendant from the gravel pit of the plaintiffs located upon the premises of the plaintiffs. * * *

"By reason of the provision of the statute of frauds,* such license was and is revocable at the will of the licensor, and the testimony shows that such license was revoked, prior to the commencement of this suit. See *Bell* v. *Reed,* 199 Mich. 35, and the cases cited therein."

See, also, *Curran* v. *Gordon,* 169 Mich. 250.

Defendant argues that summary proceedings (3 Comp. Laws 1929, § 14975 [Stat. Ann. § 27.1986]) is not the proper remedy. This question was not raised in either court below, in fact, is contrary to the position taken by defendant that he occupied the premises as a tenant. It is not entitled to consideration here.

Judgment affirmed, with costs to appellees.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.

---

* See 3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908).—REPORTER.