TROFF *v.* BOEVE.

1. REFORMATION OF INSTRUMENTS—MISTAKE—EVIDENCE.

Reformation of a deed will not be granted upon the ground of a mistake in drafting the instrument unless the mistake is proven by clear and satisfactory evidence and it is one that is mutual and common to both parties to the contract.

2. SAME—EVIDENCE—DRIVEWAY—EASEMENTS.

Evidence adduced in suit to reform deeds for purpose of confirming existence of driveway on property not included within description but immediately adjoining alongside tract conveyed to plaintiffs and hitherto used by plaintiffs *held,* insufficient to disturb decree of trial court, the phrase "driveway on north to be used as long as available," contained in a preliminary agreement for sale to plaintiffs' predecessor in title even indicating there was no easement but a permissive and terminable use of such driveway.

3. FRAUDS, STATUTE OF—CONVEYANCES OF REAL ESTATE.

Statutory requirement that conveyances of real estate must be in writing bars passage of an easement to a dominant estate unless a right to thus use it has been made appurtenant to the granted premises, or is expressly mentioned in the conveyance (CL 1948, § 566.106).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur, Deeds §§ 43–46; 45 Am Jur, Reformation of Instruments § 45 *et seq.*

[3] 49 Am Jur, Statute of Frauds § 149 *et seq.*

4. Reformation of Instruments—Driveway—Negligence.

Reformation of deed to plaintiffs to include part of driveway alongside their lot on land belonging to defendants who acquired their property upon a clear abstract of title which contained no mention of any easement will not be decreed, where plaintiffs themselves had negligently accepted a deed containing no references to an easement although their transferor's agent had orally represented the driveway to be a joint one.

5. Damages—Evidence.

Evidence presented in suit for reformation of deeds to confirm existence of driveway *held*, insufficient to support plaintiff's alternative claim for damages in case reformation were denied, the proper measure being the difference between the value of the property as is and the value if it had been as represented.

Appeal from Kalamazoo; Davis (Morris K.), J., presiding. Submitted October 8, 1958. (Docket No. 16, Calendar No. 47,797.) Decided December 3, 1958.

Bill by Garrett J. Troff, Marjorie S. Troff, Bert M. Blow and Thelma M. Blow against John Boeve, Gertrude S. Boeve, Jacob Mannes, Mildred C. Mannes, Joseph Bennison, Belle E. Bennison and First Federal Savings & Loan Association of Kalamazoo to reform deeds for purpose of confirming the existence of a driveway. Bill dismissed. Plaintiffs appeal. Affirmed.

*James Thomas Sloan, Jr.,* for plaintiffs.

*Williams & Williams (Lewis R. Williams, Jr.,* of counsel), for defendants Boeve.

*Schaberg & Schaberg (John C. Schaberg,* of counsel), for defendants Mannes.

*Richard H. Morris,* for defendants Bennison.

*Farrell, Folz, Paulson, Bennett & Palmer,* for defendant First Federal Savings & Loan Association of Kalamazoo.

VOELKER, J.   Prior to December 1, 1948, defendants Jacob Mannes and Mildred C. Mannes owned property situated on the west side of south Westnedge avenue in the city of Kalamazoo and described as lot 1 and the north 1/2 of lot 3 of Potts Addition to the village of Kalamazoo.   On that date they divided the property into parcels A and B and sold parcel B to Joseph and Belle Bennison on land contract.   Subsequently they (Jacob and Mildred Mannes) conveyed their vendors' interest in parcel B to the First Federal Savings & Loan Association of Kalamazoo by warranty deed, at which time the Bennisons signed an agreement that they accepted the premises in their present condition and that there were no defects with respect thereto.

On April 26, 1951, Jacob and Mildred C. Mannes sold parcel A and turned over possession thereof to the defendants John and Gertrude S. Boeve on land contract, which contract is now in full force and effect.

On November 24, 1952, Joseph and Belle Bennison assigned their purchasers' interest in their land contract for parcel B to the plaintiffs and on July 7, 1953, the plaintiffs received a warranty deed to said parcel B from the First Federal Savings & Loan Association.

The present litigation grows out of the fact that a driveway exists along the southerly portion of parcel A, and lies north of parcel B, which driveway is presently used by the parties in possession of parcels A and B in going to and from the rear portion of their respective premises.   On August 28, 1948, at the time of the Mannes' sale to the Bennisons of parcel B, the preliminary agreement for the sale thereof provided, among other things, as follows:   "Driveway on north to be used as long as available."

On May 19, 1953, the defendants John and Gertrude Boeve caused to be served upon the plaintiffs a written notice that in the near future the defendants, John and Gertrude Boeve, planned to extend their store premises to cover the land now occupied by the driveway and informing the plaintiff, Garrett Troff, that he should make arrangements for other means of getting in and out of the rear portion of the house owned by the plaintiffs, and further suggesting that he should not add onto the building on his premises to the extent that he could not get in and out of the same on the north side thereof. In response to this communication, the defendants Boeve, through their attorneys, received a letter from the plaintiff, Garrett J. Troff, dated May 22, 1953, informing the defendants that it was the plaintiffs' understanding that this particular driveway had become a public thoroughfare. At a subsequent conference the plaintiffs made other claims of right in and to said driveway, of which more presently.

No settlement appearing likely the plaintiffs filed a bill of complaint praying that the deeds in the chain of title to this property be reformed so that the northerly boundary thereof would run to the center of the driveway and in the alternative that they might be awarded damages. To support this prayer the plaintiffs claimed mistake on the part of the Bennisons and both mistake and fraud on the part of the Mannes.

After taking proofs the chancellor found that the material facts charged in the bill of complaint were not proven and that the plaintiffs were not entitled to the relief prayed. This appeal has resulted.

We find that reformation of a deed or land contract will not be granted in this State upon the ground of a mistake in drafting unless the mistake is proven by clear and satisfactory evidence and it is one

that is mutual and common to both parties to the contract. See *Robertson* v. *Smith*, 191 Mich 660 (Ann Cas 1918D, 145). In their brief and appendix the appellants have pointed to certain evidence (testimony by Joseph Bennison that Mannes' agent allegedly stated orally that the driveway was joint and that he [Bennison] purchased the property in reliance thereon). The agent did not testify. Plaintiffs claim this shows that a mistake had been made or fraud committed in the sale of the land from defendants Mannes to defendants Bennison. We are not persuaded that this evidence is alone sufficient to upset the decree of the learned chancellor below, who was in a better position than we are now to draw inferences and conclusions from this and other evidence.

We further think that the words in the Mannes-Bennison preliminary sales agreement, already quoted, far from helping the plaintiffs' cause, should have put the Bennisons and anyone seeking to depend thereon on notice that there was no easement or joint ownership, but rather that the user of the driveway was temporary and permissive only and might be terminated whenever the driveway was no longer "available." Words of similar import are commonly employed to negative and prevent the development and growth of easements or other prescriptive rights.

Appellants also claim mistake in the contract between themselves and defendants Bennison. Without so deciding we will accept that Bennisons' agent told plaintiffs that the driveway was joint and that they in turn relied thereon. We are still left with the question of whether or not plaintiffs were warranted in relying upon the alleged oral statements of Bennisons' agent, and if not, whether they are thereby barred from the relief sought.

The Michigan statute of frauds,* with which the plaintiffs—one of them an attorney—must be held cognizant, says that all conveyances of realty must be in writing. In that regard we said in *Burling* v. *Leiter,* 272 Mich 448, 454 (100 ALR 1312):

"Under the statute of frauds, conveyances of real estate must be in writing. CL 1929, § 13411.* Nothing will, therefore, pass as an easement to a dominant estate unless a right to thus use it has been made appurtenant to the granted premises, or is expressly mentioned in the deed conveying the same as intended to be conveyed thereby."

It is further urged that notwithstanding the knowledge of the several plaintiffs that the easement over the driveway must be in writing, their reliance upon the oral statement of defendants' agent could result in reformation of the deed in some cases. Possibly, but in this case there is also involved the property and rights of an innocent third party—the Boeves. If reformation of the deed is granted here the easement must be constructed over the property of defendants Boeve, who acquired such in good faith reliance upon a clear abstract of title which contained no mention of any easement. It is at this point that appellants' actions (accepting a deed that contained no reference to the alleged easement) becomes vital. We think this was negligent of them and that in the light of that negligence the trial court was correct in denying the relief prayed. That one of the plaintiffs was a lawyer does nothing to change our view.

Regarding appellants' alternative claim of damages we believe the decision of the chancellor was correct in saying:

"There was no proper proof of damages. If the plaintiffs were entitled to recover  *  *  *  the prop-

---

* CL 1948, § 566.106 (Stat Ann 1953 Rev § 26.906).—REPORTER.

er measure of damages is the difference in the value
of the property as is and the value if it had been
as represented."

For further discussion of this subject see: *Wol-
brink* v. *Sorr,* 341 Mich 512; *Paquin* v. *Van Houtum,*
343 Mich 111.

The decree of the trial court is affirmed. Costs
to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK,
EDWARDS, and KAVANAGH, JJ., concurred.