GOSLIN *v.* GOSLIN.

1. VENDOR AND PURCHASER—LAND CONTRACT—TIME OF PERFORMANCE
   —PRESUMPTIONS.
   A reasonable time for the performance of a land contract will be
   presumed when the contract is silent as to time of performance
   or payment and there is absent any expression of a contrary
   intent.

2. SAME—LAND CONTRACT—TIME OF PERFORMANCE—PRESUMPTIONS.
   Indulgence in the presumption that a reasonable time was in-
   tended for the performance of a land contract does not amount
   to the making of a new contract for the parties or varying its
   terms, where no time is specified in the contract itself.

3. FRAUDS, STATUTE OF—SUFFICIENCY OF MEMORANDUM—SPECIFIC
   PERFORMANCE.
   Memoranda consisting of 2 receipts containing a description of
   the premises involved in suit for specific performance, amount
   and dates of payments made and statement of balance unpaid
   *held,* sufficient to satisfy the statute of frauds and to justify
   finding of trial court that there was a land contract specifi-
   cally enforceable (CL 1948, § 566.108).

Appeal from ·Tuscola; Quinn (Timothy C.), J.
Submitted April 10, 1962. (Calendar No. 47, Docket
No. 49,413.) Decided March 7, 1963.

Bill by Harold T. Goslin and Margaret E. Goslin
against Charlotte Goslin for specific performance
of contract to sell realty. Decree for plaintiffs.
Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 12 Am Jur, Contracts § 299.
[3] 49 Am Jur, Statute of Frauds §§ 321, 407.

*Philip Woodworth,* for plaintiffs.

*John M. Patterson,* for defendant.

OTIS M. SMITH, J.  Plaintiffs, Harold T. Goslin and Margaret E. Goslin, husband and wife, sued Charlotte Goslin for specific performance.  Harold T. Goslin is a son of Charlotte Goslin.  The trial court found that an enforceable contract for the sale of realty was entered into between plaintiffs and the defendant and her deceased husband, Alfred J. Goslin.  Charlotte Goslin appeals from the decree of specific performance.

The question for review is whether or not, in view of the facts and circumstances, 2 receipts are sufficient as memoranda to take the transaction out of the statute of frauds.  CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908).*  Both receipts were written on a common printed receipt form found in what is often referred to as a cash receipt book.  There is writing on both the front and back of each.

The first receipt reads as follows:

"No. . . .                            Dec 1 1947
Received of Harold Goslin
Fifteen Hundred Dollars

Amount Paid $1,500
Balance Due $7,500          /s/ A. J. GOSLIN"

On the back of this receipt there is the notation: "Payment on farm he lives on."

---

* "Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing."

The second receipt reads as follows:

"No. ....                              Mar    1957
Received of Harold Goslin
Two Thousand Five Hundred Dollars

Payment on Farm Sec. – 7.42 acres

Amount Paid $2,500
Balance Due $9,000          /s/ ALFRED J. GOSLIN
                            /s/ LOTTIE M. GOSLIN"

On the back is written the following notation:

"Description
Town 14 N Range 10 E N 42 A of W 1/2 NW 1/4 FRL
9,000.00
  500.00  Pd.

8,500.00  Bal.
/s/ ALFRED J. GOSLIN"

From the pretrial statement it appears that the issues framed for trial were as follows: 1. Was there an agreement binding on the defendant? 2. What was it? 3. Is it enforceable? 4. Has defendant violated it? Two other issues contained in the pretrial statement are not pertinent to this discussion. Judge Quinn found that there was an agreement between plaintiffs and the defendant and her husband and that the agreement was enforceable.

Defendant and her husband owned and farmed 140 acres near the 42-acre farm presently in dispute. In 1946 they entered into a land contract for the purchase of the 42-acre farm for the sum of $9,000. The land contract was fulfilled by deed on May 13, 1948. It is not denied that defendant and her husband visited plaintiffs in their apartment in Sebewaing in the spring of 1947, and that some kind of an agreement respecting the 42-acre farm was reached between the parties. In August, 1947, plaintiffs moved to the house on said farm and have

resided there since. Plaintiffs have made a number of repairs and improvements on the house. Defendant and her husband farmed that portion of the 42 acres not occupied by the house and its immediate surroundings. Plaintiff Harold T. Goslin was engaged in a business not connected with the farming operation. Defendant and her husband paid the taxes and insurance on the entire property. Defendant and her husband spent approximately $2,500 to tile the farm. The proofs tend to show that defendant and her husband agreed to sell the farm to plaintiffs for the sum of $9,000, the amount it cost them. It is clear that $2,500 was added to the purchase price to cover the expense of tiling. Plaintiffs have paid $3,000 leaving a balance of $8,500. About a year after his father's death Harold T. Goslin tendered $4,000 to his mother, the defendant. She refused the tender and denied making any such agreement and now rests her defense on the statute of frauds.

Plaintiffs rely on our decision in *Duke* v. *Miller,* 355 Mich 540. In *Duke,* plaintiffs appealed from an order dismissing their bill of complaint for specific performance for the sale of land. They relied upon a memorandum which reads as follows:

"Detroit, Mich., Sept. 24, 1957.
"Received of Mr. Newell Duke $150.00 DOLLARS as Down Payment on Lot 109 on Fenkel
                                        Balance $4,350
"$150.00                        /s/ Ray Miller"

We held this memorandum to be sufficient under the statute of frauds despite defendant's attack that the memorandum did not specify the time for payment of the balance and closing the deal. We said that when a contract is silent as to time of performance or payment, absent any expression of a contrary intent, the law will presume a reasonable time.

Speaking for the Court in *Duke,* at page 543, Justice
DETHMERS wrote as follows:

"Indulgence of that presumption or inference does
not amount to the court's making a new contract for
the parties or varying its terms, but merely gives
effect to what it is reasonable to assume the parties
intended when no contrary intention appears on the
face of the instrument."

However, defendant argues herein on appeal that
the agreement in question contemplates deferred
payments and that when such is the case the memo-
randa must contain every detail of the agreement,
otherwise it falls within the statute. In view of the
authority cited to support her position it would be
easy to dismiss this argument by simply pointing
to the fact that the memoranda in question do not
indicate on the face of either that deferred payments
were intended. It is sound and more meaningful,
however, to refer bench and bar to 2 Corbin on Con-
tracts, § 498, page 683:

"Let us proceed, therefore, with a general consid-
eration of what constitutes a sufficient note or memo-
randum. We may well start with this one general
doctrine: There are few, if any, specific and uni-
form requirements. The statute itself prescribes
none; and a study of the existing thousands of cases
does not justify us in asserting. their existence.
Some note or memorandum having substantial pro-
bative value in establishing the contract must exist;
but its sufficiency in attaining the purpose of the
statute depends in each case upon the setting in
which it is found. * * * That is the rule of law
to be applied with intelligence and discrimination
and not like a pedant playing a game of logomachy."

That the trial judge applied the statute with dis-
crimination appears from his summary in his
opinion:

"Defendant denies there was ever any agreement with her to sell to plaintiffs as contended for by them, but she offers no explanation of why plaintiffs have occupied the house since August, 1947; why they have maintained and improved it; why they paid no rent; why they paid the father $3,000 during their occupancy. She admits that the husband did all the business; that she signed papers as requested by him. She does not deny her signature on exhibit 1 but claims she has no memory of it. These facts, the undisputed facts and the fact that plaintiffs' occupancy has more of the earmarks of ownership than tenancy, lead this court to believe and it finds that the agreement contended for by plaintiffs was made with defendant as well as her husband."

We concur in this finding and also the conclusion that the memoranda were sufficient. Affirmed, with costs to appellees.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred.

O'HARA, J., took no part in the decision of this case.