No. 89-496

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

ALMEDA MOORE, ADELINE BOHLMAN,
DARLENE KILBY and DELORES ROSE,

      Plaintiffs and Respondents,

  v.

AUGUST WESLEY ADOLPH and
MRS. AUGUST WESLEY ADOLPH,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
              In and for the County of Musselshell
              The Honorable Dale Cox, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Ralph L. Herriott, Billings, Montana

    For Respondent:

      John L. Pratt, Ask & Pratt, Roundup, Montana


                    Submitted on Briefs:  March 8, 1990

                           Decided:  April 9, 1990

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The defendants appeal from an action in the Fourteenth Judicial District Court, Musselshell County, partitioning the parties' undivided interests in 173 acres of real property and 150 acre feet of irrigation water. We affirm.

In 1953 August Adolph and Arnold Johnson purchased a 173-acre tract of land on the Musselshell River. To irrigate the land, they contracted with the Deadman's Basin Water User's Association to provide 150 acre feet of water annually. Arnold Johnson eventually sold his undivided one-half interest in the real property to August's son and daughter-in-law, the current appellants Wesley and Lois Adolph. In 1965, Arnold executed a Request for Release and Transfer of Water Purchase Contract No. 176 to assign the water contract to Wesley and Lois.

August, however, never signed the water contract release. The record indicates that Ronald Belcher, secretary of the Water User's Association, prepared the Request for Release and Transfer at Arnold Johnson's request. After Johnson signed the request, Belcher took the document to the home of August and his son Wesley. August was absent so Wesley signed for his father as he often had on business checks--"August Adolph by Wesley Adolph." Although August never saw the release, Belcher testified that during a discussion of the transfer, August gave his oral consent. Belcher believed that Wesley was authorized to sign the release because

2

August and Wesley had an oral agreement that Wesley would receive the water. The Water User's Association subsequently approved the transfer and provided Wesley with the 150 acre feet under Contract No. 176A. Wesley thereafter used the water and made all payments to the Association.

August Adolph died in 1983. Under his will's residuary clause, his interest in the 173-acre tract passed in equal portions to his surviving heirs. The respondents each took an undivided ten percent. Wesley took ten percent from his father's estate in addition to the fifty percent purchased from Arnold Johnson.

The respondents petitioned the District Court to partition the property, to invalidate the water contract transfer from August to Wesley, and to distribute August's interest in the water contract under the residuary clause. After a hearing on the issue, the District Court found that the transfer violated the statute of frauds and was, therefore, void. The court distributed August's one-half interest in the 150 acre feet of irrigation water under the residuary clause. The respondents each took a right to fifteen acre feet of water. Wesley took fifteen acre feet under the residuary clause and seventy-five acre feet under Arnold Johnson's release. Because the real property could not be partitioned without prejudice to the parties, the District Court ordered it sold and the proceeds distributed according to ownership interests.

The appellants raise the single issue of whether the District

3

Court erred in concluding that the assignment of August Adolph's one-half interest in the water contract to Wesley Adolph was void. They argue that Wesley acted as August's agent in executing the transfer and that August ratified the transfer.

> Ratification exists upon the concurrence of three elements:
>
> (1) acceptance by the principal of the benefits of the agent's acts,
>
> (2) with full knowledge of the facts and,
>
> (3) circumstances or an affirmative election indicating an intention to adopt the unauthorized arrangement.

Safeco Ins. Co. v. Lovely Agency (1982), 200 Mont. 447, 453, 652 P.2d 1160, 1163 (quoting 2A C.J.S., Agency § 71). The appellants point to the testimony of Ronald Belcher as undisputed evidence that August knew about and fully approved the transfer.

Whether August approved is not relevant in the absence of a writing. See Palin v. Gebert Logging, Inc. (1986), 220 Mont. 405, 407-08, 716 P.2d 200, 202. Under Montana law, "an agreement that by its terms is not to be performed within a year from the making thereof" is invalid unless it is written. Section 28-2-903(1)(a), MCA. The present contracts cannot be performed within one year; they require yearly payments for thirty-two years. "[A]n authority to enter into a contract required by law to be in writing can only be given by an instrument in writing." Section 28-10-203, MCA. Any authority August gave Wesley assigning the water contract was

4

invalid because August did not give it in writing. Finally, the alleged ratification was not effective because it too was not in writing. "A ratification can be made only in the manner that would have been necessary to confer an original authority . . . ." Section 28-10-211, MCA.

The statute of frauds' writing requirement for contracts which cannot be performed within one year is intended to avoid disputes, such as this one, when the passage of time has made evidence unreliable and witnesses unavailable. E. Farnsworth, Contracts, § 6.4 at 391 (1982). Its requirements are mandatory.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5