# Order

Michigan Supreme Court
Lansing, Michigan

June 11, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

161017

THOMAS HAAN, CONNIE HAAN, KRISTIN
BROOKS, and JILL RHODES,
　　　　Plaintiffs/Counterdefendants-
　　　　Appellees,

and

WILLIAM RHODES, CASEY ALLEN, LAURA
ALLEN, TRAVIS STEPHENSON, MARCIANN
STEPHENSON, KEVIN MARCY, and SUSAN
MARCY,
　　　　Plaintiffs/Counterdefendants,

v

LAKE DOSTER LAKE ASSOCIATION,
　　　　Defendant/Counterplaintiff-
　　　　Appellant.

SC: 161017
COA: 345282
Allegan CC: 17-057955-CH

_____/

On May 5, 2021, the Court heard oral argument on the application for leave to appeal the January 16, 2020 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the Allegan Circuit Court's August 17, 2018 opinion and order granting summary disposition to defendant. We agree with dissenting Chief Judge MURRAY that plaintiffs' use and maintenance of their docks is subject to the oversight and regulation of the Lake Doster Lake Association (the LDLA) and is not a permanent and irrevocable property interest. "An easement is an interest in land that is subject to the statute of frauds." *Forge v Smith*, 458 Mich 198, 205 (1998). Plaintiffs can point to no written conveyance manifesting a clear intent to create an easement granting dock rights. See *id*. Rather, plaintiffs argue that a property interest was created when (1) the Lake Doster Development Corporation (the LDDC) orally approved plaintiffs' request or a predecessor's request to install a dock and (2) the LDLA agreed, as a benefit of membership, that it would agree to allow the continuance of "all past permitted rights." Neither of these bases, whether considered separately or in tandem, satisfies the requirements for establishing a permanent interest in realty.

Assuming the LDDC intended to convey an interest in real estate when it orally

approved plaintiffs' or their predecessors' requests for dock installation, and absent any indication of fraud, an attempted conveyance of an interest in real estate is void if it is not in writing. See *Kitchen v Kitchen*, 465 Mich 654, 660 (2002). When there was no observance of the formalities required for creating an express easement, only a mere license was created. See *Morrill v Mackman*, 24 Mich 279, 283 (1872); 1 Cameron, Michigan Real Property Law (3d ed), Easements, § 6.2, p 212 ("A license may be created when the kind of interest that would normally be the subject of an easement is granted but the formal requirements for the creation of an easement are not met."). Although a license may grant permission to be on the land of the licensor, unlike easements, they are not interests in real estate and are generally revocable at will by the licensor. *Forge*, 458 Mich at 210. It makes no difference that plaintiffs or their predecessors might have relied on the oral approvals over the course of many years. Michigan does not recognize "irrevocable licenses" or "easements by estoppel" stemming from a licensee's expenditures made in reliance on representations about the duration of a license. See *Kitchen*, 465 Mich at 660.

Assuming the LDLA membership application is enforceable as a contract, it also cannot support the creation of a permanent and irrevocable property interest in the erection and maintenance of docks. Rather, the contractual agreement states only that the LDLA will allow the LDLA member and their successors-in-interest to continue "past permitted rights." The inclusion of this "past permitted rights" language, which is conditioned on plaintiffs and all future owners abiding by the LDLA's overall governance and control, is consistent with our conclusion that the prior oral approval process created a revocable license, i.e., "a permission to do some act or series of acts on the land of the licensor without having any permanent interest in it." *Morrill*, 24 Mich at 282 (citations omitted). The membership application manifests no clear intent to create an easement granting dock rights. See *Forge*, 458 Mich at 205 ("Any ambiguities are resolved in favor of use of the land free of easements.").



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 11, 2021



Clerk

t0608