*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTIAN BUSH,

      Plaintiff/Counterdefendant-Appellant,

v

NATHANIEL S. RODRIGUEZ, MELANIE D. RODRIGUEZ, DAVID ROBINSON, and AUDREY ROBINSON,

      Defendants/Counterplaintiffs-
      Appellees,

and

SAMUEL N. MORALAS, also known as SAMUEL N. MORAILAS and SAMUEL N. MORALES,

      Defendant.

UNPUBLISHED
July 22, 2025
9:35 AM

No. 370280
Newaygo Circuit Court
LC No. 2022-020840-CH

Before: FEENEY, P.J., and BORRELLO and LETICA, JJ.

PER CURIAM.

In this easement action, plaintiff/counterdefendant-appellant, Christian Bush, appeals as of right the trial court order: (1) denying plaintiff's motion for summary disposition; (2) granting defendants'/counterplaintiffs'-appellees', Nathaniel S. Rodriguez's, Melanie D. Rodriguez's, David Robinson's, Audrey Robinson's, and Samuel N. Moralas's,[1] motion for summary disposition; and (3) holding that plaintiff did not establish an easement over defendants' land. We vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I. FACTS

---

[1] Morailas defaulted because he never answered plaintiff's complaint. Accordingly, as used in this opinion, the term "defendants" does not include Morailas.

-1-

This case involves the following property transfers:

- In April 1961, Kathryn Barnum conveyed three parcels of land to Royal Barnum—one of these parcels contained the entirety of land now discussed in this case. This deed was recorded in 1980.

- In October 1982, Royal Barnum and Mable Barnum conveyed a portion of land to Devereaux Saw Mill.[2] This deed was recorded on October 1, 1982, and it stated that is was subject to "a thirty three (33) foot permanent easement across the Northwest Quarter (NW ¼) of the Northeast Quarter (NE ¼), Section 32, Ashland Township, Newaygo County, Michigan along the dirt road presently in existence."

- In December 1986, Mabel Barnum, now widowed, conveyed a portion of land to Lee Walker and Pauline Walker.[3] Despite this parcel of land allegedly being burdened by the 33-foot easement, no such easement was mentioned in the deed; instead, the deed merely stated that it was subject to "[h]ighways, easements, reservations and restrictions of record."

- In May 2013, the Lee and Pauline Walker Trust conveyed to Nathaniel Rodriguez approximately 11.7 acres of land. As a part of this conveyance, the Walkers had a survey performed, which mentioned utility easements but did not mention the alleged 33-foot easement. Accordingly, the deed merely stated that it was "subject to easement, use, building, and other restrictions of record, if any."

- In November 2021, Nathaniel Rodriguez conveyed to David Robinson by warranty deed a portion of his parcel, measuring approximately 5.21 acres. As a part of this conveyance, Nathaniel Rodriguez had a survey performed, which mentioned that the property may be subject to an easement for the Indian Creek Drain but did not mention the alleged 33-foot easement. The licensed surveyor, Patrick Johnson, testified that the reason the easement was not included in that survey was likely because he was not told about it at that time. Accordingly, the deed merely stated that it was "[s]ubject to any easements or right of ways of record."

- In January 2022, Devereaux Saw Mill conveyed to plaintiff by warranty deed its property south of defendants' parcels. Notably, plaintiff received two title insurance commitments that displayed ingress and egress to this property as a problem. Nevertheless, plaintiff was ultimately able to obtain title insurance. The deed conveyed the property "[t]ogether with all and singular tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining thereto."

In 2021, about a month before plaintiff purchased his property, plaintiff asked Johnson to perform another survey. Now that Johnson was aware of the 1982 deed containing the alleged

---

[2] This is the same parcel of land that plaintiff now owns.

[3] This parcel of land, or at least a portion of it, is what defendants now own.

easement, he consulted historic aerial photographs and revisited the properties to try and find the referenced dirt road. Johnson explained that the surveyed easement "seem[ed] to be the most direct, logical point of access to" plaintiff's property and very closely followed the route shown in historic aerial photographs. Johnson acknowledged that this surveyed path was largely made up of grass and had a fence and brush on it; however, he stated that "[i]t wouldn't take a lot to make it so it was drivable again." Johnson further stated that he was "not aware of any other easements or drives that allow[ed plaintiff] to access his property."

In May 2022, plaintiff filed a complaint to quiet title, arguing that his parcel would be landlocked unless he was allowed access to the easement. In August 2022, defendants filed a counter-complaint, and in May 2023, defendants moved for partial summary disposition, under MCR 2.116(C)(10). Defendants argued, *inter alia*, that plaintiff did not have a valid easement because there was no recorded easement in defendants' chains of title, and even if the easement was valid, it had since been extinguished through adverse possession. In November 2023, plaintiff also moved for summary disposition, under MCR 2.116(C)(8), (9), and (10), arguing that Royal Barnum granted an express easement to the sawmill, and defendants had not presented evidence of the sawmill's intent to abandon the easement.

In March 2024, the trial court issued a written opinion and order. Despite not being argued by either party, the trial court mistakenly found that the October 1, 1982 deed (containing the easement) was not recorded until October 1, 1992this does not appear to be a clerical error given that the trial court went on to analyze these facts under Michigan's race-notice statute, explaining that because the easement was not recorded until 1992, it was recorded after the burdened parcel was sold in 1986, without reference to the easement. The trial court's legal findings were therefore made on this mistaken factual finding. Accordingly, the trial court held that "Rodriguez"[4] was a bona fide good faith purchaser, and the alleged easement was unenforceable. Plaintiff now appeals.

## II. EASEMENT

Plaintiff argues that the trial court erred by granting summary disposition in defendants' favor instead of plaintiff's favor because it manifestly erred in thinking that the October 1, 1982 deed was not recorded until October 1, 1992. We agree in part and remand for further proceedings.

## A. PRESERVATION AND STANDARD OF REVIEW

Because the parties extensively argued whether plaintiff had an easement over defendants' land, this issue is preserved for appellate review. See *George v Allstate Ins Co*, 329 Mich App 448, 453; 942 NW2d 628 (2019).

"We review de novo a trial court's decision on a motion for summary disposition, reviewing the record in the same manner as must the trial court to determine whether the movant was entitled to judgment as a matter of law." *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295

---

[4] We presume that this finding applied to all defendants because the trial court did not make separate findings for the other defendants.

Mich App 431, 440; 814 NW2d 670 (2012). "Our review is limited to the evidence that had been presented to the circuit court at the time the motion was decided. Courts are liberal in finding a factual dispute sufficient to withstand summary disposition." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009) (citation omitted). "To the extent this matter presents questions concerning the proper interpretation of contractual or statutory language, our review is also de novo." *Dobbelaere v Auto-Owners Ins Co*, 275 Mich App 527, 529; 740 NW2d 503 (2007).

MCR 2.116(C)(10) provides that the trial court may grant summary disposition in favor of the moving party when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "In reviewing a motion brought under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Id*. at 270-271 (quotation marks and citation omitted).

B. ANALYSIS

Because this Court is an error-correcting Court, we believe that the most prudent course of action is to vacate the trial court's order and remand for further proceedings to allow the trial court to reanalyze this issue with the correct factual understanding that the deed creating the easement was recorded in 1982, not 1992. See, e.g., *Apex Laboratories Int'l Inc v Detroit*, 331 Mich App 1, 10-11; 951 NW2d 45 (2020). Accordingly, although the parties discussed their arguments in their appellate briefs, "we do not believe we are the appropriate forum for these arguments to be initially decided." *Id*. at 11.

With this factual issue resolved, the trial court will need to analyze whether a valid easement was created despite it never being recorded *on the burdened estate*.[5] We remind the trial court and the parties that "if the intentions of the original contracting parties are not reflected in the public record, a subsequent bona fide purchaser who has relied upon the public record cannot be bound by those unrecorded intentions." *Lakeside Assoc v Toski Sands*, 131 Mich App 292, 298; 346 NW2d 92 (1983). And "[i]n order to create an express easement, there must be language in the writing manifesting a clear intent to create a servitude. Any ambiguities are resolved in favor of use of the land free of easements." *Forge v Smith*, 458 Mich 198, 205; 580 NW2d 876 (1998) (citation omitted). "Where the intent to create an easement is not clear, the issue is to be resolved in favor of use of the land free of an easement." *Id*. at 209.

Plaintiff also argues that the trial court improperly made findings of fact and credibility determinations and relied on a "court view" of the properties when granting summary disposition in defendants' favor. We decline to address these argument because they are neither preserved nor

---

[5] The trial court may also choose to address defendants' adverse possession claim if it sees fit.

-4-

relevant considering our analysis of plaintiff's first issue. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 290-291; 14 NW3d 472 (2023).

III. CONCLUSION

We therefore vacate the trial court's decision and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ Stephen L. Borrello
/s/ Anica Letica