677 N.W.2d 838 (2004)
KELLY-STEHNEY & ASSOCIATES, INC., Plaintiff-Appellant,
v.
MacDONALD'S INDUSTRIAL PRODUCTS, INC., Defendant-Appellee.
Docket No. 123118, COA No. 238079.
Supreme Court of Michigan.
April 16, 2004.
This Court having granted leave to appeal, 468 Mich. 945, 664 N.W.2d 222 (2003), and having considered the written briefs and oral arguments of the parties, we VACATE the January 3, 2003 judgment of the Court of Appeals and REMAND the case to the Court of Appeals with a direction that, while retaining jurisdiction, it remand the case to the trial court for consideration of the following issues: (1) whether there is a writing here sufficient to satisfy the statute of frauds, MCL 566.132(1); Goslin v. Goslin, 369 Mich. 372, 376, 120 N.W.2d 242 (1963); (2) whether Quality Products & Concepts Co. v. Nagel Precision, Inc., 469 Mich. 362, 364, 666 N.W.2d 251 (2003), is pertinent to this case; and (3) whether the language of MCL 566.136 affects the disposition of this case or the resolution of whether there is a sufficient writing.
We do not retain jurisdiction.
WEAVER, J., dissents and states as follows:
The only issue before the Court in this case is whether the 300-year-old doctrine of equitable estoppel can continue to be used as an exception to the statute of frauds. I dissent from the majority's refusal to decide the issue before us, and *839 from the order remanding this case to the lower courts for consideration of three other issues. There is no reason for the Court not to decide this issue now, and then, if necessary, remand for any further proceedings. The majority's refusal to decide the issue currently before us destabilizes the law, wastes judicial resources, and will cause an unnecessary hardship for the parties.
Plaintiff brought suit seeking to enforce the parties' written contract. The trial court granted defendant's motion for summary disposition, holding that plaintiff's suit was barred by the parties' subsequent oral agreement. The trial court specifically found that the doctrine of equitable estoppel prevented plaintiff from claiming that the oral agreement was invalid under the statute of frauds.[1]
The Court of Appeals, in a published opinion, affirmed the trial court's decision and its application of the doctrine of equitable estoppel to the statute of frauds.[2] But in doing so, the Court of Appeals sharply criticized the judicially created exceptions to the statute of frauds, and "question[ed] the continued viability of utilizing a judicially created doctrine like estoppel to circumvent the plain language of the statute of frauds." 254 Mich.App. at 614 n. 4, 658 N.W.2d 494.
The plaintiff applied for leave to appeal in this Court, raising only the question whether the doctrine of equitable estoppel could be used as an exception to the statute of frauds.[3] This Court granted leave to appeal,[4] and the case was briefed and argued. But now, rather than answer the issue before us, the majority has chosen to evade the issue and remand the case to the Court of Appeals and the trial court for consideration of three other issues.
The majority's actions in this case create uncertainty in the law. The published decision of the Court of Appeals raised substantive questions about the continued validity of the equitable estoppel exception to the statute of frauds. The plaintiff's application for leave to appeal asked the Court to consider only one issuewhether the 300-year-old equitable estoppel exception to the statute of frauds should be overturned, as suggested by the Court of Appeals. By granting leave on this issue, then failing to answer the question, the majority needlessly casts doubt on the continuing validity of the doctrine.
When the Court granted leave on the question of whether the doctrine of equitable estoppel could continue to be used as an exception to the statute of frauds, the majority apparently thought this narrow *840 legal issue significant enough for this Court to expend its limited resources on resolving it. This Court receives over two thousand applications for leave to appeal each year, but only grants leave to appeal in approximately sixty of those cases. It is a waste of this Court's resources for the majority to refuse to decide the issue in this case, after briefing and argument. Further, it is a waste of the time and resources of the lower courts to compel them to address the questions specified in the order.
The order's first issue, "whether there is a writing here sufficient to satisfy the statute of frauds," has already been argued in the trial court. In defendant's motion for summary disposition, the question whether there was a sufficient writing to satisfy the statute of frauds was fully briefed and argued.[5] The trial court rejected this argument, instead concluding that there was an oral contract. The trial court then held that the oral contract was not barred by the statute of frauds because of the doctrine of equitable estoppel. Apparently dissatisfied with the trial court's first resolution of this issue, the majority is requiring the trial court to duplicate its efforts. Furthermore, if the majority addressed the question before us and decided to uphold the equitable estoppel exception to the statute of frauds, it would not be necessary to reexamine whether there was a writing sufficient to satisfy the statute of frauds. It is only if the equitable estoppel exception to the statute of frauds were overturned that it would be necessary to consider whether there was a writing sufficient to satisfy the statute of frauds.
The order's second issue, "whether Quality Products and Concepts Co. v. Nagel Precision, Inc., 469 Mich. 362, 364, 666 N.W.2d 251 (2003), is pertinent to this case," was raised by the plaintiff in its August 27, 2003, brief to this Court, but at that time the Court specifically decided not to address Quality Products. Plaintiff's August 27, 2003, brief raised three issues in addition to the doctrine of equitable estoppel. Plaintiff asserted that these three issues were warranted in light of this Court's recently released opinion in Quality Products. This Court granted the defendant's motion to strike the three issues from the plaintiff's brief, stating that "[u]nless otherwise ordered by this Court, appeals are limited to those issues raised in the application for leave to appeal. MCR 7.302(G)(4)." 670 N.W.2d 668 (2003). After the Court decided not to allow the plaintiff to raise the applicability of Quality Products, the majority should not use the supposed urgency of resolving the Quality Products issue to refuse to address the question that is before the Court. If necessary, the Court could remand for exploration of that issue after resolving the narrow legal issue now before us.
*841 The third question, "Whether the language of MCL 566.136 affects the disposition of this case or the resolution of whether there is a sufficient writing," was never raised by the parties at the trial court, the Court of Appeals, or in this Court. Again, if the majority addressed the question before us, it might not be necessary to have the lower courts consider this new issue.
I respectfully dissent from the majority's order. Under that order, this case will be returned to the Court of Appeals to be sent back to the trial court and then returned to the Court of Appeals. At the conclusion of this remand process the legal issue currently before this Court will still be unresolved, and the case may come to this Court a second time for a decision on whether the doctrine of equitable estoppel can be used as an exception to the statute of frauds. Such judicial gymnastics cause unnecessary hardship and expense for the parties involved.
The proper course of action is for this Court to decide the narrow legal issue before it. After this Court has decided whether to uphold or overturn the 300-year-old common-law doctrine of equitable estoppel, then the Court could, if necessary, remand for further proceedings on other issues. To do otherwise is an affront to the parties, a waste of judicial resources, and a cause of uncertainty in the law.
NOTES
[1] The statute of frauds provides that a contract that cannot be performed within one year must be in writing. MCL 566.132(1)(a). The doctrine of equitable estoppel is a defense to the statute of frauds. It allows a party to preclude the opposing party from denying the existence of an oral contract where (1) a party, by false representations, admissions, or silence intentionally or negligently induces another party to believe facts, (2) the other party justifiably relies and acts on that belief, and (3) the other party is prejudiced if the first party is allowed to deny the existence of those facts. See Cincinnati Ins. Co. v. Citizens Ins. Co., 454 Mich. 263, 562 N.W.2d 648 (1997); Lothian v. Detroit, 414 Mich. 160, 324 N.W.2d9 (1982).
[2] 254 Mich.App. 608, 658 N.W.2d 494 (2003).
[3] In its application for leave to appeal, plaintiff alleged only the following assignment of error:

The trial court and the Court of Appeals erred reversibly by concluding that an appellee can invoke the judicially created doctrine of equitable estoppel to circumvent enforcement of the statute of frauds with respect to an undisputed oral agreement that by its terms could not be performed within one year from the making of the agreement.
[4] 468 Mich. 945, 664 N.W.2d 222 (2003).
[5] In response to defendant's motion for summary disposition, plaintiff argued that "the alleged oral `special agreement' Defendant claims existed between the parties with respect to the DLO program is forbidden by the Statute of Frauds and is there, unenforceable." Plaintiff contended that "[i]t is undisputed that the alleged `special agreement' for the DLO program was not in writing," and concluded that "[a]s the agreement was not in writing, pursuant to Reid, the parties were forbidden to enter into a subsequent oral agreement based upon the terms claimed by Defendant." Responding to that argument, defendant asserted that "the Statute [of Frauds] does not apply because the Agreement has been reduced to signed writings in the monthly commission checks in detail reports and in K-S's own June 1999 letter (MacDonald's Brf., p. 20). See Adell Broadcasting Corp. v. Cablevision Industries, 854 F.Supp. 1280, 1290-91 (E.D.Mich.1994) (endorsed check removed agreement from statutory bar); Tucson v. Farrington, 53 Mich.App. 149, 153-55, 218 N.W.2d 816 (1974)."