# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
February 9, 2017

NORTH AMERICAN BROKERS, LLC, and
MARK RATLIFF,

        Plaintiffs-Appellants,

v

No. 330126
Livingston Circuit Court
LC No. 15-028669-CH

HOWELL PUBLIC SCHOOLS,

        Defendant-Appellee,

and

ST. JOHN PROVIDENCE,

        Defendant.

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Plaintiffs, North American Brokers, LLC, and Mark Ratliff (the Brokers), appeal as of right the trial court's order granting summary disposition under MCR 2.116(C)(7) to defendant Howell Public Schools (the Schools) on the basis that the Statute of Frauds, MCL 566.132, barred the Brokers' claim to broker commission. We reverse the trial court's grant of summary disposition on the Brokers' claim of promissory estoppel and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Brokers asserted in their complaint that in late 2013, they worked with defendant St. John Providence, who is not a party to this action, to develop a concept that required a particular type of property. The Brokers believed that the Latson School property, which the Schools had for sale, suited their concept. The property had a for-sale sign that indicated it was "broker protected." The Brokers approached St. John Providence about the property. The Schools and St. John Providence eventually reached a purchase agreement through another real estate agency. In the end, the Brokers received no commission.

In August 2015, the Brokers sued the Schools and St. John Providence, alleging a variety of claims that included a count of promissory estoppel. In lieu of filing an answer, the Schools

-1-

moved to dismiss this action under MCR 2.116(C)(7), arguing that the statute of frauds and governmental immunity barred the Brokers' claims.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of immunity granted by law. *Id*. The moving party may support its motion with affidavits, depositions, admissions, or other documentary evidence that would be admissible at trial. *Id*. We consider the contents of the plaintiff's complaint to be true, unless contradicted by the documentary evidence. *Id*.

## III. ANALYSIS

The Brokers contend that the trial court erred by granting the Schools' motion for summary disposition because the statute of frauds did not bar their claim for broker commission on a promissory estoppel theory. We reluctantly agree.

The statute of frauds requires certain types of agreements to be in writing and signed by the party against whom it will be enforced. MCL 566.132; *Crown Technology Park v D&N Bank, FSB*, 242 Mich App 538, 548; 619 NW2d 66 (2000). This includes "[a]n agreement, promise, or contract to pay a commission for or upon the sale of an interest in real estate." MCL 566.132(1)(e).

The for-sale sign on the Latson property is certainly not a signed writing for the purposes of the statute of frauds. However, the doctrines of "estoppel and promissory estoppel have developed to avoid the arbitrary and unjust results required by an overly mechanistic application of the [statute of frauds]." *Opdyke Investment Co v Norris Grain Co*, 413 Mich 354, 365; 320 NW2d 836 (1982).

> The elements of promissory estoppel are: (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promissee, (3) which in fact produced reliance or forbearance of that nature, and (4) in circumstances such that the promise must be enforced if injustice is to be avoided. [*Joerger v Gordon Food Serv, Inc*, 224 Mich App 167, 173; 568 NW2d 365 (1997).]

In this case, the Brokers alleged that the "broker protected" sign was a promise that induced them to cultivate St. John Providence as a buyer and otherwise properly pleaded an action for promissory estoppel.[1]

---

[1] While the Schools dispute whether the sign did in fact induce the Brokers' to act and whether the circumstances are such that the promise must be enforced, for the purposes of a motion under MCR 2.116(C)(7), this Court must accept the complaint as true unless contradicted by the

The continued validity of the judicially created promissory estoppel exception to the legislative statute of frauds has been the subject of considerable debate. This Court has rejected a claim that the promissory estoppel exception applies to claims against financial institutions. *Crown Tech Park v D&N Bank, FSB*, 242 Mich App 538, 556; 619 NW2d 66 (2000). In *Crown Tech Park*, the defendant contended that the trial court erred by finding that the statute of frauds did not bar the plaintiff's promissory estoppel claim. *Id*. at 548. This Court recognized that we have held that the common-law claim of promissory estoppel may bar application of the statute of frauds. *Id*.

But in 1992, the Legislature amended the statute of frauds to add MCL 566.132(2), which specifically concerns claims against financial institutions. *Id*. The *Crown Tech Park* Court recognized that by stating that the promise must be in writing, "[t]he plain language in this amendment of the statute of frauds addresses the area of conduct promissory estoppel ordinarily governs—oral promises." *Id*. This *Crown Tech Park* Court further relied on language in subsection 2 barring *any* action to conclude that those actions included promissory estoppel actions. *Id*. at 550-551.

*Crown Tech Park* does not apply to this case because MCL 566.132(1) does not contain the mandatory language that MCL 566.132(2) contains. Additionally, the Court in *Crown Tech Park* recognized that it was not ruling on application of the promissory estoppel section to MCL 566.132(1), though it questioned the continued validity of the exception. It stated that "the role of the judiciary is to apply the statute of frauds as written, without second-guessing the wisdom of the Legislature." *Crown Tech Park*, 242 Mich App at 548 n 4. However, it also stated that "[n]otwithstanding our serious concerns . . . legislative amendments of the statute of frauds enacted in 1992 clearly provide that a viable claim of promissory estoppel cannot be asserted in the present case." *Id*.

This is not the first time that this Court has questioned the continuing validity of utilizing a judicially created exception that is inconsistent with the language of the statute. This Court reluctantly applied the promissory estoppel exception to the statue of frauds to a case involving MCL 566.132(1). *Kelly-Stehney & Assoc, Inc v MacDonald's Indus Prods, Inc*, 254 Mich App 608, 613-615; 658 NW2d 494 (2003), vacated 469 Mich 1046 (2004). Even though the Michigan Supreme Court vacated this Court's opinion in *Kelly-Stehney* on other grounds, Justice WEAVER noted that "the Court of Appeals sharply criticized the judicially created exceptions to the statute of frauds . . . ," and would have determined whether that doctrine remained valid. *Kelly-Stehney & Assoc, Inc v MacDonald's Indus Prods, Inc*, 469 Mich 1046, 1046; 677 NW2d 838 (2004) (WEAVER, J, dissenting).

Regardless of the wisdom of using a judicially created exception to a statute, we must apply it. The Michigan Supreme Court created and has upheld the exception. See *Opdyke Investment Co*, 413 Mich at 365. "This Court is bound to follow decisions of our Supreme Court." *People v Strickland*, 293 Mich App 393, 402; 810 NW2d 660 (2011). It is a fundamental principle that only the Michigan Supreme Court has the authority to overrule one of

---

moving party's documentary evidence. *Odom*, 482 Mich at 466. Here, the Schools submitted no documentary evidence in support of their motion and instead also relied on the complaint.

its prior decisions. *Paige v City of Sterling Hts*, 476 Mich 495; 720 NW2d 219 (2006). We do not have the power to overrule the Supreme Court's determination that promissory estoppel is an exception to the statute of frauds.[2]

In this case, the Brokers pleaded a claim of promissory estoppel. The trial court granted summary disposition on the basis that the statute of frauds barred the Brokers' contract claims and governmental immunity barred its negligence claims. But because promissory estoppel remains an exception to the statute of frauds, the trial court erred by granting summary disposition on the Brokers' promissory estoppel claim.[3]

We reverse the trial court's grant of summary disposition on the Brokers' promissory estoppel claim and remand for further proceedings on that claim. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray

---

[2] While we acknowledge that our opinion reaches the *correct* result under our present legal framework, it is the *wrong* result. We urge the Michigan Supreme Court to grant leave to address the issue presented in this case. The judicially created doctrine of promissory estoppel, as applied to the facts of this case, subsumes the statute of frauds and makes the statute of frauds irrelevant.

[3] The Brokers also contend that the trial court erred by granting summary disposition on the basis of governmental immunity. The trial court granted summary disposition on the Brokers' negligence claim because of governmental immunity, not the promissory estoppel claim that is the subject of this appeal. Accordingly, the Brokers' argument that the trial court improperly applied governmental immunity to a contract claim lacks merit.