HELMS v LeMIEUX

Docket No. 286397. Submitted October 6, 2009, at Detroit. Decided
December 8, 2009, at 9:00 a.m.

Christine Helms brought an action in the Genesee Circuit Court
against Robert J. LeMieux, individually, and as successor trustee of
the Francis J. LeMieux and Ruth LeMieux revocable living trust
dated July 16, 1999 (hereafter defendant), and Standard Life
Insurance Company of Indiana, seeking a declaratory judgment
regarding the rights to the proceeds of an annuity policy that
Francis and Ruth secured from Standard. Defendant filed a
counterclaim against Standard, alleging breach of contract and
negligence. The August 9, 2002, application for the annuity
identified Ruth as the "Joint Annuitant Owner," with the words
"Joint" and "Owner" being handwritten on the application. The
application identified Francis as the "Joint Owner," with the word
"Joint" being handwritten. Further, the provision identifying
Francis also included the phrase "if different from annuitant,"
which was contained in parentheses and printed under "Joint
Owner." Francis and Ruth's revocable living trust dated July 16,
1999, was listed as the beneficiary. When the annuity policy was
issued on September 17, 2002, it identified Ruth as the "Annu-
itant" and Francis as the "Joint Annuitant." In October 2002,
Francis and Ruth changed the primary beneficiary of their annuity
from the living trust to plaintiff, their granddaughter. Ruth died
on May 20, 2006. Sometime thereafter, plaintiff and Francis each
requested a lump sum payment of the annuity proceeds. Francis
died on January 7, 2007, while Standard was still attempting to
determine whom to pay. Defendant, plaintiff's father, who is also
the beneficiary of the living trust and the sole heir and beneficiary,
as well as the personal representative, of Francis's estate, sought
to claim the proceeds of the annuity. Therefore, plaintiff sought
declaratory relief. The trial court, Judith A. Fullerton, J., granted
summary disposition in favor of plaintiff and Standard, ruling that
Francis's rights as a policy owner of the annuity were extinguished
upon Ruth's death, at which time plaintiff's rights to the annuity's
proceeds vested. Defendant appealed.

The Court of Appeals *held*:

1. The application and the policy must be read together as one contract because the policy explicitly states that the application and the policy comprise the entire annuity contract.

2. The provisions in the application must be considered as prevailing over the conflicting provisions of the policy as a result of applying the general rules, first, that where in an instrument there are two conflicting clauses or provisions, the first shall be received as controlling and the latter one rejected, and, second, that where handwriting is contained in a contract it will prevail over printed language.

3. Ruth was the joint annuitant owner of the policy and Francis was the joint owner, as stated in the application. Therefore, plaintiff, as the beneficiary, was entitled to payment upon Ruth's death. The policy clearly provides that Standard agrees to pay the proceeds to the annuitant except, that after the annuitant's death, any payments due will be paid to the beneficiary.

4. Defendant has no cognizable claims against Standard for breach of contract or negligence.

Affirmed.

1. Contracts — Multiple Contractual Instruments.

Where one written instrument references another instrument for additional contract terms, the two instruments should be read together.

2. Contracts — Conflicting Clauses.

Where there are two conflicting clauses or provisions in an instrument, generally, the first shall be received as controlling and the latter one rejected.

3. Contracts — Handwritten Language — Printed Language.

Handwritten language contained in a contract prevails over the printed language of the contract.

*Sheldon Siegel* for Christine Helms.

*Charles A. Grossmann* for Robert J. LeMieux.

*Simon, Galasso & Frantz, PLC* (by *Henry Stancato* and *Frank R. Simon*), and *Cohen & Malad, LLP* (by *David J. Cutshaw, Arend J. Abel,* and *Kelley J. Johnson*), for Standard Life Insurance Company of Indiana.

Before: K. F. KELLY, P.J., and JANSEN and FITZGERALD, JJ.

PER CURIAM. In this contract action, defendant Robert J. LeMieux, individually, and as successor trustee of the Francis J. LeMieux and Ruth LeMieux revocable living trust dated July 16, 1999, appeals as of right the trial court's order granting summary disposition for plaintiff, Christine Helms, and defendant Standard Life Insurance Company of Indiana. We affirm.

### I. BASIC FACTS AND PROCEDURAL HISTORY

This dispute concerns an annuity policy entered into by Francis and Ruth LeMieux, husband and wife. On August 9, 2002, Francis and Ruth, then 94 and 79 years old respectively, jointly applied for an annuity with the Standard Life Insurance Company of Indiana (Standard) in the amount of $100,000. The annuity application identifies Ruth as the "Joint Annuitant Owner." The words "Joint" and "Owner" are handwritten on the application. The application identifies Francis as the "Joint Owner," with the word "Joint" being handwritten above the printedword "Owner." Further, the provision identifying Francis also includes the phrase "If different from Annuitant," which is contained in parentheses and is printed under "Joint Owner." This application designates Francis and Ruth's revocable living trust dated July 16, 1999, as the beneficiary. Both Francis and Ruth signed the application.

Standard approved the application and issued the annuity on September 17, 2002. The policy identified Ruth as the "Annuitant" and Francis as the "Joint Annuitant" contrary to what was contained in the joint application. In October 2002, Francis and Ruth changed the primary beneficiary of their annuity from the trust

to their granddaughter, plaintiff Christine Helms. Plaintiff was not aware that she had been made the beneficiary of the annuity.

On May 20, 2006, Ruth died. In July of that year, Standard sent Francis a letter requesting information regarding Ruth's death in order to process the claim. A heading on the letter identified plaintiff as the beneficiary of the annuity. However, the body of the letter indicated that Francis was the beneficiary, stating, "As the beneficiary of Ruth M. LeMieux's annuity contract, we need the following information to process the claim . . . ." Plaintiff never received a copy of this letter.

In response, Francis submitted an annuity claim form to Standard, dated July 26, 2006, requesting a lump sum payment of the annuity proceeds. Standard responded to Francis by letter, indicating that it could not continue the contract in Francis's name unless it had plaintiff's consent. The letter indicated that a copy had also been sent to plaintiff, but plaintiff never received a copy of this correspondence.

Defendant LeMieux, plaintiff's father, who is also the beneficiary of the revocable living trust, then sent plaintiff a form for her to sign that would permit the annuity to continue in Francis's name. As a result, plaintiff became aware that she was the beneficiary of the annuity and she did not sign the form as her father requested. Instead, in December 2006, plaintiff submitted an annuity claim form to Standard requesting a lump sum payment of the annuity.

On January 7, 2007, Francis died. On January 11, 2007, unaware that Francis had passed away, Standard mailed both Francis and plaintiff a letter informing them that they had filed competing claims and providing them notice that it would be filing an interpleader action in the near future unless some agreement was

reached between the parties. Defendant LeMieux and plaintiff, however, were not able to come to an agreement regarding who is entitled to receive the principal amount of the annuity. Defendant believed that he, as sole heir and beneficiary, as well as personal representative, of Francis's estate, was entitled to the proceeds of the annuity.

Consequently, plaintiff filed this lawsuit against Robert LeMieux, individually, and as successor trustee of the revocable living trust (hereafter defendant) and Standard, seeking declaratory relief.[1] Defendant answered the complaint and also cross-claimed against Standard, alleging that Standard breached the annuity contract and that Standard acted negligently.

Both Standard and plaintiff moved for summary disposition under MCR 2.116(C)(8) and (10). Defendant also moved for summary disposition. The trial court granted judgment in favor of plaintiff and Standard. The trial court reasoned:

> [T]his annuity was originally purchased in [2002] and then [Francis and Ruth] changed the beneficiary . . . to Christine Helms. She became the primary beneficiary [as of October 8, 2002].
>
> The Court notes, in this matter, this was a joint annuitant situation as indicated here and no decision was made to change that in writing, as required, after the designation of Christine Helms on 10/8/02. Ruth died 5/2[0]/06 and after that nothing else can be changed because it was a joint situation. And the Court believes at that time, . . . the proceeds of this annuity vested in Christine Helms as the designee of the two who created this particular situation.[2]

---

[1] Plaintiff included Standard as a party only because it is a stakeholder in the annuity contract.

[2] We note that the trial court did not make an explicit decision on Standard's liability for its alleged negligence. Rather, the court's order

Defendant moved for reconsideration, but his motion was denied. This appeal followed.

## II. STANDARDS OF REVIEW

We review a trial court's determination on a motion for summary disposition de novo. *Huntington Woods v Detroit*, 279 Mich App 603, 614; 761 NW2d 127 (2008). The trial court in this matter failed to specify the subrule under which it granted summary disposition. Accordingly, we will consider the trial court's decision as based on MCR 2.116(C)(10) because it appears to have considered information outside the pleadings. *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007). In conducting our review of the trial court's determination under MCR 2.116(C)(10), we must consider all the documentary evidence in the light most favorable to the nonmoving party. *Huntington Woods, supra* at 614. A motion brought under this subrule is properly granted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Montgomery v Fidelity & Guaranty Life Ins Co*, 269 Mich App 126, 128; 713 NW2d 801 (2005). Further, to the extent that this Court must interpret the meaning of the annuity contract, our review is also de novo. *Grand Trunk W R, Inc v Auto Warehousing Co*, 262 Mich App 345, 350; 686 NW2d 756 (2004).

## III. DECLARATORY RELIEF

Defendant argues that the trial court erred when it ruled that Francis's rights as a policy owner of the

---

simply states that it is granting summary disposition in plaintiff's favor and that defendant Robert LeMieux is liable for any and all costs awarded to "any party" in this matter.

annuity were extinguished upon Ruth's death, at which time plaintiff's rights to the annuity's proceeds vested. According to defendant, as an "owner" and "annuitant" under the contract, Francis had full dominion and authority over the annuity. We disagree.

Resolution of defendant's argument requires this Court to interpret the meaning of the annuity contract. Our goal in doing so is to discern and enforce the parties' intent using the clear language of the contract. *Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005); *Robert A Hansen Family Trust v FGH Industries, LLC*, 279 Mich App 468, 476; 760 NW2d 526 (2008). When a contract's language is plain and unambiguous, its terms must be applied as written and construction of the contract is not permitted. *Rory, supra* at 468-469; *Laurel Woods Apartments v Roumayah*, 274 Mich App 631, 638-639; 734 NW2d 217 (2007). We read contracts as a whole and give contractual terms their common and ordinary meaning. *Genesee Foods Services, Inc v Meadowbrook, Inc*, 279 Mich App 649, 656; 760 NW2d 259 (2008). Further, "[w]here one writing references another instrument for additional contract terms, the two writings should be read together." *Forge v Smith*, 458 Mich 198, 207; 580 NW2d 876 (1998). If, however, the "provisions of a contract irreconcilably conflict, the contractual language is ambiguous, and the ambiguous contractual language presents a question of fact to be decided by a jury." *Laurel Woods Apartments, supra* at 638. But the fact that the parties may advance conflicting interpretations does not in itself render a contract ambiguous. *Genesee Foods Services, Inc, supra* at 655.

Here, Francis and Ruth jointly entered into an annuity contract. The policy explicitly states that the application and "this policy" comprise the entire annu-

ity contract. Thus, we must read these two writings together as one contract. *Forge, supra* at 207. The application, signed by both Francis and Ruth, identifies Ruth as the "Joint Annuitant Owner." The words "Joint" and "Owner" are handwritten above and below, respectively, the printed term "Annuitant." The application also identifies Francis as the "Joint Owner" and the word "Joint" is handwritten above the printed word "Owner." Conversely, the policy, issued about a month later and not signed by either Francis or Ruth, identifies Ruth as the "Annuitant" and Francis as the "Joint Annuitant." The general rule is that "where in an instrument there are 2 conflicting clauses or provisions, the first shall be received as controlling and the latter one rejected." *Klever v Klever*, 333 Mich 179, 189; 52 NW2d 653 (1952). Further, when handwriting is contained in a contract, it will prevail over printed language. *Mansfield Machine Works v Village of Lowell Common Council*, 62 Mich 546, 553-554; 29 NW 105 (1886); *Berk v Gordon Johnson Co*, 232 F Supp 682, 687 (ED Mich, 1964).[3]

These rules require us to consider the provisions in the application as prevailing over the conflicting provisions in the policy. The policy was created on a later date than the application and, thus, the application must be considered as controlling. *Klever, supra* at 189. The rule with respect to handwriting also mandates that we interpret the application's provisions as prevailing over the policy's provisions. The application con-

---

[3] We note that the rule of construction requiring that a contract entered into later in time will supersede, and rescind, any inconsistencies in an earlier contract, *Omnicom of Michigan v Giannetti Investment Co*, 221 Mich App 341, 346-347; 561 NW2d 138 (1997), is inapplicable to this matter. Here, the application standing alone does not constitute a contract and is more properly treated as a document containing additional contractual provisions, as incorporated by the policy.

tains handwriting specifically identifying the parties' respective roles, whereas the policy contains no handwriting and is not even signed by Francis and Ruth. Accordingly, we conclude that Ruth was the joint annuitant owner of the policy and that Francis was the joint owner, as stated in the application.

Having reached this conclusion, it is plain that plaintiff, as the beneficiary of the annuity, was entitled to payment upon Ruth's death. The first page of the policy unequivocally states, "Standard . . . agrees to pay the proceeds of this contract . . . to the Annuitant except, that after the Annuitant's death, any payments due will be paid to the Beneficiary." Defendant, however, argues that as an "owner" of the policy, Francis was entitled to the annuity's proceeds until his death. According to defendant, the "death benefit" became payable to the beneficiary only after Francis's death, or "the death of the payee" consistent with the settlement options provision of the contract. This argument lacks merit. Francis is not identified as a "payee" anywhere in the contract and for this Court to apply this provision to the present matter would be contrary to the parties' intent as clearly stated on the policy's first page.

After our reading of the annuity contract in the light most favorable to defendant, it is plain to us that Ruth was the annuitant, Francis was a joint owner, and that plaintiff's interest in the annuity proceeds vested when the annuitant, Ruth, passed away. In light of our conclusion, defendant's argument that the trial court erroneously relied on certain Michigan Supreme Court cases[4] is irrelevant. Even assuming that the trial court erroneously relied on these cases in reaching its conclusion, we will not reverse the trial court's order because

---

[4] Defendant alleges that the trial court relied on *Dogariu v Dogariu*, 306 Mich 392; 11 NW2d 1 (1943), *Prudential Ins Co v Irvine*, 338 Mich 18;

it reached the correct result. See *Coates v Bastian Bros, Inc*, 276 Mich App 498, 508-509; 741 NW2d 539 (2007). The trial court did not err by granting summary disposition for plaintiff.

### IV. ADDITIONAL CLAIMS

Defendant next argues that Standard is liable to defendant under theories of negligence and contract, because it breached its duty to Francis.[5] We disagree. Defendant has not posited an independent legal duty separate from those duties arising out of the contractual relationship. Nor has defendant alleged physical damage to persons or property separate from Francis's loss of the money. Thus, defendant has no cognizable claim for negligence. *Rinaldo's Constr Corp v Michigan Bell Tel Co*, 454 Mich 65, 84-85; 559 NW2d 647 (1997). Further, defendant's contention that Standard breached the contract is also unavailing. As we have already concluded, Standard was not obligated to pay Francis the annuity's proceeds upon Ruth's death. Accordingly, defendant's contract claim also fails.

Affirmed.

---

61 NW2d 14 (1953), and *Harris v Metro Life Ins Co*, 330 Mich 24; 46 NW2d 448 (1951). The trial court, however, did not mention any of these opinions in its ruling.

[5] As already noted, it does not appear from our review of the lower court record that the trial court made a ruling with respect to these claims. However, "where the lower court record provides the necessary facts, appellate consideration of an issue raised before, but not decided by, the trial court is not precluded." *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443-444; 695 NW2d 84 (2005). The record here contains the necessary facts and, therefore, we exercise our discretion to consider defendant's claims.